Donnelly v. Pepper.

91  363
117  904

CASE 68—PETITION ORDINARY—MARCH 24.

## Donnelly v. Pepper.

APPEAL FROM KENTON CIRCUIT COURT.

THIS COURT CAN NOT REVERSE FOR AN ERROR OF THE LOWER COURT IN ALLOWING, OR REFUSING TO ALLOW, AN AMENDED PLEADING TO BE FILED, except where the lower court has, in the opinion of this court, abused a reasonable and sound discretion.

As the defendant, by his original answer, relied solely upon the plea of *res judicata*, upon which trial was had in the lower court, in the Superior Court and in this court, and then, after nearly four years, offered for the first time an amended answer, pleading limitation, the court did not err in overruling the motion to file the amended pleading.

Donnelly v. Pepper.

HALLAM & MYERS for appellant.

1. By the execution of the new bond the surety was released from all liability for the *acts* of the principal thereafter done. The "act" for which the administrator is liable to be sued is the wasting of the estate, and this occurred after appellant's release.

   The case of Jones v. Gallatin Co., 78 Ky., is not in point.

2. The court should have permitted the amended answer pleading limitation to be filed. Statutes of limitation are no longer looked upon with disfavor. (Hayes, &c., v. McIntire, &c., 45 Fed. Rep., 529.)

W. K. BENTON for appellee.

1. The old sureties were liable for all money collected by the principal prior to the execution of the new bond. (Jones v. Gallatin Co., 78 Ky., 495.)

2. The paragraph of the amended answer pleading limitation was properly rejected, because no reason was given why it was not offered sooner.

JUDGE LEWIS delivered the opinion of the court.

The parties to this appeal are Charles Donnelly, surety of Blakely, administrator of John Pepper, who died in 1876; and William Pepper, only heir-at-law of the latter.

By judgment rendered June, 1879, in an action instituted by Blakely for settlement of the estate of the deceased, he was found indebted thereto about two thousand seven hundred dollars, but though ordered to do so, he failed to pay over the amount to the person entitled to it. And in December, 1879, an action on the administrator's bond was brought against Blakely and Donnelly to recover the amount mentioned, but a special demurrer to the petition was sustained, and the action dismissed, and, upon appeal to the Superior Court, that judgment was affirmed.

It appears that in 1879, but after Blakely had collected the amount found in his hands by the judgment of June, 1879, Donnelly, upon motion in the

Donnelly v. Pepper.

Kenton County Court, procured an order requiring Blakely to give other surety on his bond as administrator, and one Brandt became such surety, and against the latter was also instituted an action by William Pepper to recover the amount mentioned for which Blakely had defaulted. And to that action Donnelly was, in December, 1884, made a party defendant, and judgment asked against him on the bond. But he pleaded in bar of recovery in that action, that the same issues had been adjudicated and determined in his favor in the previous action, which had been then decided on appeal to the Superior Court, and that plea was sustained, and the action was by the lower court dismissed, and the judgment afterwards affirmed by the Superior Court. But, upon appeal to this court, the judgment was, in May, 1888, reversed, and remanded for proceedings consistent with the opinion then rendered, and, upon return of the case, the lower court sustained a demurrer to the answer of Donnelly, and rendered judgment against him for the amount sued for, less various sums which Brandt had, in the meantime, paid.

Upon return of the case from this court, Donnelly tendered an amended answer, in which he pleaded and relied on the statute of limitation, which the court refused to permit filed; and whether that was a reversible error, is the main question before us on this appeal.

The Civil Code, section 134, gives to the court discretion as to permitting amended pleadings filed after the regular time prescribed for filing them, and this court can not properly reverse for an error in that respect, except when the lower court has, in our opinion,

abused a reasonable and sound discretion. The statute of limitation might just as well have been pleaded and made ground of defense to the action in December, 1884, when appellant, Donnelly, filed his answer, as in September, 1888, when the amended answer was tendered. But instead of doing so, he undertook to split his defense, first relying on the plea of *res judicata*, upon which trial was had in the lower court, in the Superior Court, and in this court, and then, after delaying and vexing the other party for nearly four years without reason, for the first time pleads limitation. We think the court did not err in overruling the motion to file the amended answer, especially as there has been no denial from the beginning of Blakely's shortcomings and consequent liability of Donnelly on the administration bond.

It is alleged in the answer the payments made by Brandt were in full accord and satisfaction of all that was due to appellee, Pepper, and Donnelly was thus released. But the paper filed in court at the instance of Donnelly shows such payments were not agreed to be in full settlement and satisfaction of the claim, but were treated only as partial payments, of which Donnelly has gotten the benefit. There was, therefore, really no issue made on that subject, and the motion to submit the case to jury trial was properly overruled. Nor could there be in the mind of a person acquainted with the record the least doubt of appellee's identity as heir-at-law of the decedent, and right to the fund in question; consequently, to submit that question to the jury would have benefited nobody.

Judgment affirmed.