CASE 82—PETITION ORDINARY—APRIL 9.

# Filbin's Adm'r v. Chesapeake, &c., Railway Company.

### APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

1. THE TRIAL COURT HAS A LARGE DISCRETION IN THE MATTER OF ALLOWING AMENDED PETITIONS to be filed, and this discretion should not be controlled unless manifestly abused.

   A denial having been omitted from the original answer by oversight, it was not error to allow an amendment to be filed after the court had ordered a trial of the case, but before the trial was, in fact, begun.

2. RAILROADS—FAILURE TO REMOVE DECAYED TREE STANDING NEAR TRACK.—In case of probable danger of obstruction of its track by falling timber it is the duty of a railroad company, if the timber be standing upon its own right of way, to at once remove it, and if it be upon the adjoining land, then the company should take steps to have it done. The company is not, however, required to remove, or have removed, every thing which may possibly become an obstruction. It is only required to use reasonable care in this respect, and if injury results, notwithstanding this care, the company is not chargeable with willful neglect.

   Where a partially decayed tree, standing fifty-five feet from a railroad track, leaned in the opposite direction to such an extent that it was not reasonable to suppose that it would ever fall across the track, and it was only from the force of a storm that it did fall in that direction, the company was not chargeable with willful neglect in failing to remove the tree before it fell, although it had notice that the tree was decayed.

3. WILLFUL NEGLECT is a reckless indifference to the safety of human life, or an intentional failure to perform a manifest duty to the public.

R. C. DAVIS, MATT O'DOHERTY FOR APPELLANT.

Brief not in record.

FRANK D. SWOPE, BULLITT & SHIELD FOR APPELLEE.

1. The petition does not show a good cause of action, since it does not allege that there is a widow or child on whose behalf the plaintiff sues. (Gen. Stats., chap. 57, sec. 3; Henderson's Adm'r v. Ky. Cent. R. Co., 86 Ky., 389; Jordan v. C., N. O. & T. P. R. Co, 89 Ky., 40; Koening's Adm'r v. City of Covington, 11 Ky. Law Rep., 251.)

2. Willful neglect defined. (Shelby County v. Scearce, 2 Duv., 576; L. & N. R. Co. v. Filburn, 6 Bush, 575; Murphy v. L. & P. Canal Co., 9 Bush, 531; Jacobs v. L. & N. R. Co., 10 Bush, 273; Claxton v. E., L. & B. S. R. Co., 13 Bush, 642; Ky. Cent. R. Co. v. Gastineau's Adm'r, 83 Ky., 119.)

3. Appellant was entitled to recover only in case there was willful neglect, and, therefore, the court properly refused an instruction as to ordinary neglect.

4. The court did not abuse its discretion in allowing the amended answer to be filed. (Rogers v. Rogers, 15 B. M., 364; Downing v. Bacon, 7 Bush, 680.)

5. The company was not guilty of negligence in not removing the tree or causing it to be removed. The tree was not apparently dangerous, and the injury resulted from the direct visitation of a supernatural force.

CHIEF JUSTICE HOLT DELIVERED THE OPINION OF THE COURT.

Thomas J. Filbin was instantly killed in the night time while employed as a fireman upon one of the appellee's· trains by it coming in contact with a tree that had fallen across the track. His administrator brought this action under section 3, chapter 57, of the General Statutes, which provides: "If the life of any person or persons is lost or destroyed by the *willful* neglect of another person or persons, company or companies, corporation or corporations, their agents or servants, then the widow, heir, or personal representative of the deceased shall have the right to sue such person or persons, company or companies, corporation or corporations, and recover punitive damages for the loss or destruction of the life aforesaid."

The petition avers that the death was caused by the willful neglect of the company in permitting the tree to remain standing within reach of the track, with knowledge, or when, by the exercise of reasonable diligence, it would have known, that its decayed

condition rendered it dangerous to travel. The answer put in issue the neglect, and upon this question only the case was tried out, resulting in a verdict for the company. Complaint is made that the trial court abused its discretion in allowing the amended answer, denying the dangerous condition of the tree, to be filed. It was shown that the denial had been omitted from the answer by oversight, and while the amendment was permitted to be filed after the court had ordered a trial of the case, yet it had not, in fact, begun; and there was no error in this respect. The Civil Code, with a view to a trial upon the merits, and the attainment of justice, allows great liberality in this respect; and the lower court should not be controlled in the exercise of the power unless it be manifestly abused.

It is claimed that the company had notice that the tree causing the accident was liable, by reason of its decayed condition, to fall at any time, and endanger the lives of those upon its trains; and even if it did not know it, that yet, by the exercise of reasonable care in providing against obstructions upon its track, it might have known it; and that, therefore, in either event, it was guilty of willful neglect. The tree did not stand upon its right of way. It extended only twenty-eight feet from the track toward it, while it was about fifty-five feet away, and a fence between bounding the right of way and the land of the adjacent owner. The tree was about eighty-five or ninety feet high, and large otherwise in proportion. It stood upon the side of a hill that descended to the railroad track, but it leaned so much in the op-

posite direction from the railroad that its branches were interwoven with those of another tree that stood forty feet or more farther up the hill.    It was not dead, but partly decayed at and near the ground. Upon the side away from the railroad there was a hollow in it between eight and nine feet long, over three feet wide at the bottom, but narrowing to the top, and in which a man could shelter.    There was another smaller opening some two or three feet long, but it does not appear to have faced the track, but yet it could be seen from one, and perhaps more, points in passing along the railroad that it was a hollow tree.    Leaves were, however, upon it, and some witnesses, who saw it from the track, testify that it had the appearance to them of an altogether sound tree.    The rim of it next to the railroad was for from twelve to eighteen inches around, and four to six inches in thickness, sound.

The night of its fall there was a severe storm, so much so that a gentleman near by in his buggy believed he was in danger of being overturned by the wind.

The only testimony offered by the appellant tending to show knowledge upon the part of the company of the tree's condition, is that some two years before the accident a hand in its employ, and who was at work on the road at that point, went out to it for some purpose, and upon his return spoke of its decayed or hollow condition, and the danger of its falling.    The evidence tends to show that he said this to the section boss~under whom he was at work, but it may have been in a general conversation with

the work hands. In any event, no attention was then paid to it. Assuming, however, that the knowledge of its hollow condition was thus brought home to the company, yet the decided preponderance of the testimony shows that it so leaned in the opposite direction that it was not reasonable to suppose it could fall toward the railroad. This is proven by the owner of the land and others, among them the section boss, who was then in charge of that part of the road, and who says that he inspected it about two months before the accident, and did not think any danger existed. If probable, then it was the duty of the company upon knowing of it, to have taken steps for its removal; or if the exercise of reasonable care upon its part in guarding against obstructions would have furnished the knowledge of the danger, then it is equally chargeable with willful neglect for omitting to do so.

In case of probable danger of obstruction by falling timber, it is the duty of the company, if it be standing upon its own right of way, to at once remove it, and if it be upon the adjoining land, then it should take steps to have it done. It is not, however, required to remove, or have removed, every thing which may possibly become an obstruction. This would be unreasonable; an impossibility would be required. A cyclone may hurl a tree from a considerable distance upon the track, or a boulder may tumble upon it from a long distance up a mountain side. It is not bound to provide against improbable accidents, or those arising from supernatural causes, and which can not, in the exercise of a reasonable judgment, under the existing

circumstances, be foreseen.   It is only required, from
the very necessity of the case, to use reasonable care
in this regard, such as a man of ordinary judgment, un-
der like circumstances, would be likely to exercise for
his own safety; and if it do this, and yet injury re-
sults, it is not chargeable with willful neglect.   If a
tree, from its condition and proximity to the road,
be obviously or apparently dangerous, then the com-
pany should be held as aware of it from a reasonable
time after it becomes so, and it should either at once
remove it, if upon its own territory, or take steps to
have it done if upon that of another.   There was,
however, no probable danger of an obstruction of the
track by the falling of this tree.   It was by no means
an obvious or apparent danger.   It was reasonable to
suppose, in case of its fall, that it would fall away
from the track, and it doubtless did otherwise from
the force of the storm.   This being so, it was not
the manifest or known duty of the company to have
it removed; and this being so, its failure to have it
done did not render it guilty of willful neglect, which
is a degree of neglect arising where there is a reck-
less indifference to the safety of human life, or an
intentional failure to perform a manifest duty to the
public.

The question whether the appellee had thus failed
in its duty was submitted to the jury under proper
instructions, and a verdict returned in its favor.

Judgment affirmed.