## Fleming v. Pittsburgh, Cincinnati, Chicago & St. Louis Ry., Appellant.

[Marked to be reported.]

*Negligence—Railroads—Passenger—Presumption.*

If an injury to a passenger upon a railroad has no connection with the appliances or machinery, and is so disconnected with the operation of the business of the carrier as not to involve the safety or sufficiency of the instrumentalities of transportation, or the negligence of the carrier's servant, no presumption of negligence arises against the company, and the burden of proof to show negligence is upon the plaintiff who avers it.

In an action to recover damages for the death of a passenger upon a railroad train, it appeared that the accident was the result of a rock becoming detached and falling upon the train while passing a point where a

hill descended precipitously to the track. The cut for the railroad extended upward thirty-three feet, and above it was the natural hill. The rock which fell started at about one hundred feet from the top of the hill, bounded down some forty feet, struck, again bounded twenty or thirty feet, making four bounds before it struck the train, and caused the death of the passenger. *Held,* that the cause of the accident was not connected with either the means and appliances of transportation, or the construction of the road, and that therefore no presumption of negligence arose against the company.

Argued Oct. 16, 1893. Appeal, No. 4, Oct. T., 1893, by defendant, from judgment of C. P. Washington Co., Aug. T., 1891, No. 261, on verdict for plaintiff, Rosa Fleming. Before GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and THOMPSON, JJ.

Trespass for death of plaintiff's daughter. Before STOWE, P. J., of the 5th judicial district, specially presiding.

At the trial, there was evidence that, on February 16, 1891, plaintiff's daughter, Clara, aged fifteen years, was killed while traveling as a passenger on defendant's railroad. On the day in question, there was an obstruction on the east-bound track near Point Bridge in the city of Pittsburgh, consisting of rocks and dirt which had been loosened by heavy rain during the previous night, and had slipped down off the precipitous hillside which rose above the railroad. The train upon which the deceased was riding was transferred to the west-bound track, and while moving along the base of the hill a large stone fell or bounded from the hillside against the car in which she was riding, breaking the window and instantly killing her. At the point where the accident occurred, there was a perpendicular rock cut thirty-three feet high. The stone which fell started from a point about three hundred and fifty-six feet from the track, bounded down some forty feet, and struck, again bounded twenty or thirty feet, making four bounds before it struck the train. Evidence on behalf of the railroad tended to show that the company employed a gang of men to go over the face of the hill during and after all rains, and remove any loose stone which might be found; that on the morning of the accident, and a few minutes before the train on which Miss Fleming was riding arrived, the foreman of this gang, Samuel Wright, walked over the face of the hill opposite the

point where the accident occurred, going from the track to the top of it, and saw " no slips, no loose rock;" that about two hours after the accident he again went up the hill, and when at a point distant above 350 feet from the track, measured horizontally, he found a slide about eight or ten feet long in the clay or dirt of the hill reaching to the edge of the bluff; that about forty feet below the edge of the bluff he saw an impression where a stone must have hit in its fall, and that lower down the hill he found three other marks or impressions where one had hit, the last mark being in the neighborhood of one hundred feet above the track from the point where the train was hit; that on his first inspection of the hill that morning he had passed over the spot where the first slip was afterwards found and there was no loose dirt or rock there, and the appearance of the dirt on the second visit showed the slip was recent; and that the stone which killed Miss Fleming was of a formation, found near and above the first slip, which is near the top of the hill, the stone outcropping there.

Defendant further gave evidence to the effect that the road was the proper and usual one employed for roads running along or near the base of hills and mountains, and that the company did not own the property outside of the line of its right of way.

Defendant's points were among others as follows:

" [2. The burden of proof is on the plaintiff to show that the death of her daughter was caused by the defendant; and, under the circumstances of the present case, the burden resting on the plaintiff is not satisfied by the mere presumption of negligence, which sometimes arises against the carrying company when a passenger is killed or injured. *Answer:* This is refused.] [1] The fact that she was killed as she was killed, raises a prima facie presumption,—not a conclusive one,—but raises a presumption that somebody connected with the railroad company was in default; without that we don't know, nobody could say, whether the hillside from which the rock fell was not under the absolute control of the company.; it turned out not to be so; but merely the absence of testimony indicating that the company have exercised due care, or that the accident arose from something for which they were not responsible, would not justify and make it the duty of the jury to find a verdict for the plaintiff; and that puts what we call the duty upon them, or

casts the burden of proof upon the defendant to satisfy you from the evidence adduced by them that the presumption created by the law under those facts is not the fact, not in fact true; it is mere inference of the law, and you then look at the testimony adduced on the part of the defendant, and see whether or not as an actual matter of fact the defendant has been guilty of that negligence that would warrant a verdict."

" 3. Under the circumstances of the present case the burden of proof is not shifted from the plaintiff by the mere fact that her daughter was killed while a passenger on the defendant's railroad; but the plaintiff must show such facts as will connect the defendant or its servants, or some of the appliances of transportation, with the happening of the injury."   Refused. [2]

" 4. If the jury find from the testimony that the stone which killed plaintiff's daughter fell from some point high up on the hillside, outside the property line of the defendant company; that the defendant's watchman had passed along the hillside within an hour of the accident and failed to find any indications of probable danger; that there was no negligence in the handling of the defendant's train or the condition of its roadbed, or other appliances of transportation, and that every reasonable precaution to prevent such accidents was taken, the defendant's duty was fully performed, it was guilty of no negligence, and their verdict must be for the defendant. *Answer :* Refused. It is for the jury to say whether under such circumstances the defendant was duly diligent.   It might seem to me that it was, but it is a fact for the jury to decide and not one for the court." [3]

8. Request for binding instructions.   Refused. [4]

Verdict and judgment for plaintiff for $2,700.   Defendant appealed.

*Errors assigned* were (1–4) instructions, quoting them, as indicated by brackets.

*A. M. Todd, E. Y. Breck* with him, for appellant.—To affirm this judgment is to say that it is the law in Pennsylvania that if a railroad company takes upon itself a work it is under no legal obligation to do, out of abundance of caution, and does that work in a careful, conscientious manner, not the slightest

omission or neglect in the doing of it being shown, and a passenger is killed, a jury is to be allowed to say, in the teeth of the evidence, that the company was negligent.

Plaintiff did not show anything done or omitted to be done by the carrier or its employees, causing the accident; there was no "breaking of machinery, collision, derailment of cars, or something improper or unsafe in the conduct of the business or in the appliances of transportation," and if a nonsuit had been asked for it must have been granted: Thomas v. P. & R. R. R., 148 Pa. 180.

*M. L. A. McCracken,* for appellee.—The mere happening of an injurious accident raises prima facie a presumption of neglect, and throws upon the carrier the onus of showing it did not exist: Laing v. Colder, 8 Pa. 482.

When a passenger in a railroad train is injured without fault on his part, the law presumes negligence in the carrier and the burden is on the carrier to disprove plaintiff's prima facie case: Spear v. R. R., 119 Pa. 61; R. R. v. Norton, 24 Pa. 469; Meier v. R. R., 64 Pa. 226; R. R. v. Anderson, 94 Pa. 351.

Appellant attempts to distinguish this case, and relies on Thomas v. P. & R. R. R., 148 Pa. 180. A careful examination of that case shows it leaves the rule intact. There plaintiff was not allowed to recover because he failed to prove how or by what he was injured.

The company was bound to provide a safe railroad: Sullivan v. R. R., 30 Pa. 234; Gleeson v. Virginia Midland Ry. Co., 140 U. S. 435.

Defendant also argues that it is not liable because the stone which killed plaintiff's daughter came from a point on the hill which did not belong to it, and in which it had no right of possession. The defendant in the case of Sullivan v. R. R., supra, might as well have argued that plaintiff could not recover because the cow which caused the accident came from a point over which the railroad had no control. The argument is bad for the additional reason that it is based on an unproven assumption. There is no proof in this case as to the ownership of the land, but defendant was in possession.

That the railroad, defendant, was not bound to inspect the hillside clearly cannot affect the question of its liability for the

negligent performance of a duty it had in fact undertaken: Gates v. R. R., 150 Pa. 53.

Plaintiff having made out a prima facie case, it could not be taken from the jury: Sullivan v. R. R., 30 Pa. 239; R. R. v. Weiss, 87 Pa. 449; Spear v. R. R., 119 Pa. 69.

OPINION BY MR. JUSTICE THOMPSON, October 30, 1893:

The first two assignments of error are based upon the refusal of the learned trial judge to charge as follows:

" First. The burden of proof is on the plaintiff to show that the death of her daughter was caused by the defendant, and under the circumstances of the present case the burden resting on the plaintiff is not satisfied by the mere presumption of negligence which sometimes arises against the carrying company when a passenger is killed or injured."

" Second. Under the circumstances of the present case the burden of proof is not shifted from the plaintiff by the mere fact that her daughter was killed while a passenger on defendant's railroad, but the plaintiff must show such facts as will connect the defendant, or its servants, or some of the appliances of transportation, with the happening of the injury."

Authority need scarcely be cited to establish that where an injury occurs to a passenger in consequence of something done or not done, connected with the appliances of transportation, there arises the presumption of negligence, which the carrier is required to rebut. This presumption necessarily arises from the contract of carriage, under which the passenger passively trusts himself to the safety of the carrier's means of transportation, and to the skill, diligence and care of his servants; and by which the carrier, in consideration of the fare, undertakes to carry safely, and, to do so, to furnish the best means and appliances for the purpose, and competent, skillful and diligent servants. An accident connected with them raises the presumption that they were not such, and that the carrier was guilty of negligence. But if the accident has no connection with the appliances or machinery, if it is so disconnected with the operation of the business of the carrier as not to involve the safety or sufficiency of the instrumentalities, or the negligence of his servants, no such presumption arises, and the burden of proof to show negligence is upon the plaintiff who avers it.

In Thomas v. Philadelphia & Reading Railroad Company, 148 Pa. 183, where the accident occurred to a passenger seated at an open window, who was struck by a missile, causing the injury, and where there was no evidence as to how the missile came to be thrown, Mr. Chief Justice PAXSON said: " The rule appears to be that where a passenger is injured either by anything done or omitted by the carrier or its employees, or anything connected with the appliances of transportation, the burden of proof is upon the carrier to show that such injury was in no way the result of its negligence. But to throw this burden upon the carrier, it must first be shown that the injury complained of resulted from the breaking of machinery, collision, derailment of cars, or something improper or unsafe in the conduct of the business or in the appliances of transportation."

In the present case it is not shown that the accident was in consequence of a defect in any of the appliances or machinery used, or of the negligence of appellant's employees in their conduct of the train. It was the result of a rock becoming detached and falling upon the train while passing a point where the hill descends precipitously to the track. From it, at the place of the accident, to the top of the hill is a distance of 456 feet. The cut for the railroad extends upward 33 feet, and above it is the natural hill. The rock which fell started at about 100 feet from the top of the hill, bounded down some 40 feet, struck, again bounded 20 or 30 feet, making four bounds before it struck the train, and caused the death of appellee's daughter. It is clear that the fall of the rock was in no way connected with the appliances or machinery used in the operation of the road, or the acts of the employees in the conduct of the train or in the construction of the road, and therefore there is no presumption of negligence on the part of appellants.

But appellee contends that the presumption of negligence arises in this case, and in support of his contention cites the following cases: Sullivan v. Railroad Co., 30 Pa. 234. In this case the accident was caused by a cow upon defendant's track, and the opinion indicates that in the conduct of its business it was the duty of the company to fence the track or enforce the owner's obligation to keep his cattle at home. Spear

v. P. W. & B. R. R. Co., 119 Pa. 68. In this case Mr. Justice WILLIAMS says: " The person injured was a passenger; the injury occurred after the carriage had begun, and the cause of the injury was an explosion on the boat which was the vehicle or instrument of carriage, and which was under the exclusive care and control of defendant's servants." Gleason v. Virginia Midland R. R. Co., 140 U. S. 435. In this case the accident was caused by a land slide in a cut some fifteen or twenty feet deep. In the opinion of the court it is said: " The railroad cut is as much a part of the railroad structure as is the fill. They are both necessary and both are intended for one result, which is the production of a level track over which the trains may be propelled. The cut is made by the company no less than the fill; and the banks are not the result of natural causes, but of the direct intervention of the company's work. If it be the duty of the company (as it unquestionably is), in the erection of the fills and the necessary bridges, to so construct them that they shall be reasonably safe, and to maintain them in a reasonably safe condition, no reason can be assigned why the same duty should not exist in regard to the cuts." Thus the cause of the accident was connected with the construction of the road.

The difference between the cases cited and the present one is clear. In them the cause of the accident was connected with the means and appliances of transportation and the construction of the road, and in this it was disconnected with them. As the first two assignments of error are sustained, it is not necessary to discuss the others.

The judgment is reversed and a venire facias de novo awarded.