# DECISIONS

OF THE

# Court of Appeals of Kentucky.

## APRIL TERM, 1904.

CASE 107—ACTION BY W. L. JACKSON BY NEXT FRIEND AGAINST THE
I. C. R. R. CO. FOR WRONGFUL EJECTION FROM TRAIN.—APRIL 14.

## Illinois Central R. R. Co. v. Jackson.

APPEAL FROM MUHLENBERG CIRCUIT COURT.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS. AFFIRMED.

CARRIERS— PASSENGERS—EJECTION— MISTAKE OF TICKET AGENT—
PLEADING—AMENDMENT—DAMAGES—EXCESSIVE VERDICT.

Held: 1. Under Civ. Code, section 134, permitting amendments in
furtherance of justice which do not substantially change the
claim or defense, it was proper for the court, in an action
against a railroad for the ejection of a passenger, to permit
an amendment during trial setting up as an item of special
damage loss of a contract for labor.
2. While, as between the conductor and a passenger, the conductor
may rely on the passenger's ticket as it reads, and refuse to
transport him beyond the destination designated thereon, yet
the carrier is responsible for the ejection if the agent by
mistake gave the passenger a wrong ticket.
3. A party in a civil case can not complain of the court's refusal
to charge its theory of the case, where it offers no instruction
thereon.
4. In an action for ejection of a passenger whose evidence es-
tablished the loss of a contract to labor at twenty dollars a
month during the crop season, and insulting language on the

900

part of the conductor, who refused to look among the tickets to find plaintiff's and led him off the train in a coach full of people, a verdict for $350 was not excessive.

JONSON & WICKLIFFE, J. M. DICKINSON, AND PIRTLE, TRABUE & Co. FOR APPELLANT.

R. Y. THOMAS, FOR APPELLEE.
　　(No briefs in the record.)

OPINION OF THE COURT BY JUDGE NUNN—AFFIRMING.

The appellee, by his next friend, brought this action against appellant for damages, alleging that he was wrongfully ejected from a passenger train on which he was being carried as a passenger by appellant. He recovered a judgment for $350, of which appellant complains.

The facts, as they appear of record, were in substance, as follows: Appellee, who was about 19 years of age, called for and paid for a ticket from Central City to Gilbertsville, Ky. He boarded one of appellant's trains, the conductor took up his ticket, and after passing Greenville, Ky., the first station after leaving Central City, the conductor called upon him again for a ticket or his fare, which he did not furnish, and he was ejected from the train at Dupoy, the second station from his starting point. There is no dispute in the evidence that appellee, for the price of $2.35, purchased a ticket which should have entitled him to ride to Gilbertsville. A ticket was delivered to him, which he testified he did not understand; that it had the name of all the stations on it, and was not straight on one edge. The proof shows that it was known as a "simplex ticket." Appellee's version of what occurred between him and the conductor after leaving Greenville is, in substance, as follows: The conductor asked him for a ticket, and he told the conductor that he had given him his ticket, and that he was going to Gilberts-

ville. The conductor moved on a short distance in the aisle, and then returned, and said to appellee that he would have to pay his fare or get off the train. Appellee again told him that he had given him his ticket, which he had bought at Central City for Gilbertsville, and that he had paid $2.35 for it, and then the conductor used the following language: "And he said I never; and I told him to look and see, and he said, 'No, by G—d,' he was running that train; and he took me by the arm, and told me to get off; and the train stopped, and he led me off." He also told the conductor he did not have any money to pay another fare to Gilberts- ville. Appellee stated further that he was on his way to Gilbertsville to meet a man with whom he had contracted to labor on his farm at the price of $20 per month during the crop season; that this man lived nine miles in the coun- try from Gilbertsville, and had promised to meet that train and take him to his house; that by his failure to go on this train he had lost this contract; that he had endeavored to get other work, but had failed for two or three months to get a place to labor. He further stated that on his return to Central City the agent had returned to him his $2.35. Appellant admits that appellee had paid for a ticket to Gilbertsville, but that the agent at Central City, by mistake, gave him a ticket to Greenville. The conductor's version of what took place between himself and appellee was, in substance, as follows: He stated that when he took up ap- pellee's ticket he announced the name "Greenville," but that he did not know whether or not appellee heard it. That after leaving Greenville he asked appellee for a ticket or fare. Appellee replied that he had given him a ticket which entitled him to be carried to Gilbertsville. The conductor said to him that he was mistaken; that it was possible that

the agent at Central City had made a mistake in giving him the ticket to Greenville, and then offered to let appellee ride to Nortonville without charge, and he (conductor) would then ascertain whether the agent at Central City had sold appellee a ticket to Gilbertsville, and if so, he would carry him on to that point. Appellee refused this offer, stating that he would get off at Dupoy, as he had acquaintances there, but that all were strangers to him at Nortonville. When the train arrived at Dupoy, appellee got off. That he did not touch or insult appellee; did not use the language attributed to him by appellee, or any similar language. Appellee, in rebuttal, testified that the conductor did not say anything about a possible mistake of the agent at Central City in selling and delivering him a ticket, nor offer to take him on to Nortonville; that there was not anything said of that kind or character; nor did he say he would get off at Dupoy for the reason that he had acquaintances there, or anything like that. He stated that he had never been to Dupoy in his life before that occasion, and all who lived there were strangers to him.

Appellant first complains of the action of the lower court in allowing an amended petition to be filed during the trial, in which it was alleged that by reason of his being put off of this train he lost his contract for labor, and asked special damages by reason thereof. The only limitation upon the discretion of the court in allowing amended pleadings is that they must be in furtherance of justice, and must not change substantially the claim or defense. This court has in several cases decided that the lower court did not abuse its discretion in allowing amended pleadings to be filed during the trial, and in one case, at least, approved the action of the lower court in permitting an amended petition to be filed

after all evidence had been introduced and the court had instructed the jury. See section 134, Civ. Code; Kearney v. City of Covington, 1 Metc., 339; Rogers v. Rogers, 15 B. Mon., 364; Donnelly v. Pepper, 91 Ky., 363, 13 R., 82, 15 S. W., 879; Filbin's Adm'r v. Railway Co., 91 Ky., 444, 13 R., 14, 16 S. W., 92.

The amendment in this case set forth an item of special damage; and if the appellant had made it known to the court by affidavit or otherwise that it could not proceed with the trial, that it desired time to investigate the matter set forth in the amended pleading, we have no doubt that the court would have granted its request. But the appellant, on the filing of this amended petition, did not ask for a continuance, or for further time for preparation. Therefore it has no cause for complaint. At the conclusion of the evidence for the appellee, and again when all the evidence had been introduced, the appellant offered and asked the court to give a peremptory instruction to the jury to find for it, which the court refused. Under the proof appellant was bound to pay appellee at least actual compensation, for the reason that it admitted it made a contract with appellee and received the fare to transport him to Gilbertsville on that day, and failed and refused to do so. But it says that its conductor had the right to put him off the train at Dupoy for the reason that the ticket he delivered was for Greenville. Granting this to be true, yet appellant is not relieved from its contract, for the reason that it was the fault or wrong of the appellant, by its agent, in giving him the ticket to Greenville, instead of to Gilbertsville. There is no pretense that appellee committed any wrong or mistake. As between the conductor and appellee, the conductor may properly rely upon the ticket as it reads; and if it

read to Greenville, and he (the conductor) did not know that it was a mistake, then he had the right to eject the appellee from the train, and his action therein could not be regarded as tortious unless accompanied wtih unreasonable and unnecessary force or insult.  Lexington & E. Ry. Co. v. Lyons, 104 Ky., 28, 20 R., 516, 46 S. W., 209.  This was a case very similar to the one at bar, and the court said: "Nevertheless it is generally—and, we think, properly—held that the ticket accepted by the passenger must usually be treated as conclusive evidence of the passenger's rights as between him and the conductor, leaving the passenger to his action against the carrier if he has not been given such a ticket as his contract called for." Again, the court, after discussing and deciding that in such a case an instruction on exemplary damages should not have been given in that case, said:  "The action is essentially and in form *ex contractu*, and the recovery, if any, must necessarily be limited to compensatory damages, and we do not think the jury were in fact instructed, or could have fairly understood, that they were authorized to find exemplary damages; for the mortification and humiliation consequent upon the wrongful ejection of a passenger from a railroad train is a proper element of damages recoverable for a breach of contract like the present."  To the same effect is the case of L. & E. Ry. Co. v. Lyons, *supra*. These cases decide, in substance, that the conductor is absolved from the payment of any damage in ejecting a passenger in accordance with the terms of his ticket, provided that the ejection is not accompanied with, unreasonable and unnecessary force or insult; but in such case the passenger's right of action is against the carrier and the agent who gave him the erroneous ticket, or either, as he may elect.  The criterion of recovery is

limited to compensatory damages, in which is included mortification and humiliation consequent upon the wrongful ejection.

The instructions given by the court conform to these views; at least there is no material and prejudicial error in them. The appellant, however, was entitled to an instruction upon its theory of the case, but it did not offer one, and therefore it can not complain of this error. In the case of L. & N. R. R. Co. v. Harrod, 75 S. W., 233, 25 Ky. Law Rep., 251, the court said: "The rule upon this question is that where a party to a civil case fails to offer an instruction upon a point of law involved in a case it is not error in the court to fail to instruct on that point; but, if a party offers an instruction upon some point of law involved, which is refused by the court because of defect of form or substance, then it is the duty of the court to prepare or have prepared and give a proper instruction on that point."

The appellant also complains of the amount of the judgment. The jury saw and heard the witnesses, and from its verdict it must have accepted appellee's version of the matter as true, and we do not feel authorized to disturb their verdict. It certainly was very insulting on the part of the conductor to dispute in emphatic language what appellee had said about buying the ticket, and to refuse to look among the tickets he had taken up to ascertain if he could find the one appellee had given him, but instead of that to answer him with the words related by the appellee, and then lead him off the train from a coach comparatively full of people.

Perceiving no error prejudicial to the substantial rights of the appellant, the judgment of the lower court is affirmed, with damages.