(April 20, 1911.)

## CHARLES B. LE DEAU, Respondent, v. NORTHERN PACIFIC RAILWAY CO., Appellant.

[115 Pac. 502.]

RAILWAY ACCIDENT—DAMAGES—NEGLIGENCE.

(Syllabus by the court.)

1. L., while riding on a railway train, was struck by a rock or boulder which rolled from the mountain-side, and received an injury for which he sought to recover damages from the railroad company; the evidence failed to show the cause which set the rock in motion or the place from which it started, but did satisfactorily show that the stone did not come from the face of the cut through which the train was running or from the company's right of way, and the evidence failed to show any negligence on the part of the company. *Held,* that the railroad company was not liable for damages sustained on account of the injury thus received.

2. Where an accident occurs and an injury is received by a passenger on a railway train, and the evidence clearly discloses that the injury was not caused by any defect in the machinery or appliances used by the company in the operation of its road or by any defect in the construction of the road, and was not caused by any act of the employees of the company or of any person in charge of the train, there is no presumption of negligence on the part of the railway company, and it is incumbent on the party seeking relief to prove negligence.

3. A railroad company will not be held liable for an injury inflicted on a passenger by reason of a stone rolling down the mountain-side and striking the passenger, unless it is shown that the company had either actual notice of the danger or that the place or immediate locality from which the rock fell was so obviously dangerous as to impute notice of the danger to the railroad company and charge it with negligence in failing to take reasonable precautions to prevent an injury from such cause.

APPEAL from the District Court of the Eighth Judicial District, in and for the County of Kootenai. Hon. Robert N. Dunn, Judge.

Action by the plaintiff to recover damages for personal injury. Judgment for the plaintiff and defendant appealed. *Reversed.*

McFarland & McFarland, for Respondent, cite no authorities.

Edward J. Cannon, George M. Ferris and R. L. Black, for Appellant.

There is no presumption of negligence in a case of this kind and the burden was on the respondent to show that the rock injured him by reason of the appellant's negligence. Having failed to show what caused the rock to be thrown or started, he failed to prove sufficient facts to make any question for the jury. (*Penn. Ry. v. MacKinney,* 124 Pa. 462, 10 Am. St. 601, 17 Atl. 14, 2 L. R. A. 820; *Spencer v. Chicago Ry.,* 105 Wis. 311, 81 N. W. 407.)

Appellant would be liable to respondent for injury caused by the rock's falling down the mountain-side only in case respondent proved facts from which it could be reasonably inferred that such accident should have been reasonably foreseen by appellant. But such fact was neither directly nor indirectly established by the evidence. (*Fleming v. Pittsburg,* 158 Pa. 130, 38 Am. St. 835, 27 Atl. 858, 22 L. R. A. 351; *Wadsworth v. Boston Ry.,* 182 Mass. 572, 66 N. E. 421; *Ginn v. Pennsylvania Ry.,* 220 Pa. 552, 69 Atl. 992; *Rhea v. Minneapolis Ry.,* 111 Minn. 271, 126 N. W. 823.)

The cause of the accident was not connected with the means and appliances of transportation. (*Thomas v. Phil. Ry.,* 148 Pa. 180, 23 Atl. 989, 15 L. R. A. 416.)

AILSHIE, Presiding J.—Respondent obtained a judgment against defendant for $1,287.75, damages alleged to have been sustained by reason of personal injuries received by respondent while riding on appellant's railway train. The respondent took passage on appellant's train at Houston Station, Montana, for a trip to Coeur d'Alene City, and

while traveling between Taft and St. Regis stations, a rock or boulder rolled down the mountain-side, passed through the car window, and struck respondent on the shoulder, inflicting a serious blow.

It appears that the railroad track runs around a precipitous rocky mountain-side, and that at the place where the accident occurred the track passes through a cut in the point of a spur of the mountain, and that this cut is about twenty feet deep. From the top of the open cut the mountain slopes back and is rather rugged and precipitous, and is covered with loose rock and boulders. No one saw the rock start, and no one pretends to testify as to the cause which started it, or the place from which it fell. The respondent testifies that when he first saw it, it was in the air, some ten or twenty feet from him, and apparently had come from high up on the mountain; that it was coming with great force. Another witness, who at the time sat on the seat beside respondent, saw the rock at about the same time, when it was in the air falling toward respondent. It broke through the top of the car window and struck respondent on the shoulder, and rolled off onto the floor. The evidence varies as to the size of the stone, but it was somewhere from three to twenty pounds in weight.

Some evidence was introduced to show that the company had noticed that rocks frequently rolled down this mountainside and lodged on the track, and that it had been necessary at times to stop the train and have them rolled off before passing. This is the substance of all the evidence given in the case.

The appellant contends that the evidence is not sufficient to charge the railroad company with negligence, and it is therefore not sufficient to support the verdict and judgment. The only question for consideration is that of negligence. It is clear from this evidence that the rock did not fall from the side of the cut. It was evidently not an overhanging or loose rock left on the face of the cut through which the track was laid. The respondent seems to think that the rock came from high up on the mountain-side, ·and that theory

is borne out by the testimony of the other witnesses, as well as by the surrounding circumstances, and the actual falling of the stone and its striking the car at the height and place where it did strike. It must have come from a considerable distance in order to have gained a sufficient momentum to drive it from the place where it last struck the ground above the face of the cut, and carry it through the car window in the direction in which it was passing when it struck respondent.

It is clear, therefore, that the accident did not occur by reason of anything which the appellant or its agents or employees did, nor did it occur through any defect in the appliances which appellant was using, or the instrumentalities it was employing as a common carrier. The only theory on which appellant could be held for the results of this accident would be that it owed to respondent, and to all of its passengers, an active duty to employ such means as were necessary and sufficient to either clear the mountain-side of loose and overhanging rock and stone, or else to construct along its right of way such retaining walls or barriers as would be likely to prevent rock and stone from rolling down the mountainside onto its track. To require such an active duty on the part of a railroad company operating in this intermountain region, where roads are necessarily built through canyons and around mountain-sides, where the bluffs and hills rise precipitously for hundreds and sometimes thousands of feet above, would be imposing upon the company a duty that would be burdensome and might sometimes prove prohibitive to transportation companies. The mere suggestion of building retaining walls along railroad rights of way through some of the canyons and ravines in this mountainous country demonstrates its futility. No company could support such an expense.

On the other hand, we have no doubt but that the railroad company is under an active duty and obligation to its passengers to take such reasonable precaution as is necessary to remove or prevent obvious dangers, whether they be on its right of way or beyond its right of way. (*Filbin v. Chesa-*

*peake etc. Ry. Co.*, 91 Ky. 444, 16 S. W. 92; note to *Barnowsky v. Helson* (89 Mich. 523, 50 N. W. 989), 15 L. R. A. 33.) But what might be termed an apparent and obvious danger along a railroad track in some sections of the United States, especially in less mountainous and rugged sections, would clearly not be considered an obvious danger along a line of road through the mountains, canyons and gorges of this country, and particularly in northern Idaho.

It should be remembered that in this case the respondent did not attempt to prove that the appellant's right of way, or the mountain-side at the particular place where this accident occurred, was unusually dangerous, or presented obvious and patent dangers to the traveling public, against which the appellant ought to have taken special precaution or have made specific effort to remove.

Our attention has been called to a few authorities which deal with the principle involved in this case. *Fleming v. Pittsburgh C. C. & St. L. R. Co.*, 158 Pa. 130, 38 Am. St. 835, 27 Atl. 858, 22 L. R. A. 351, was an action to recover damages for the death of the plaintiff's daughter, caused by a rock rolling down the mountain-side and passing through the car window and striking the girl, resulting in her death. In the course of the opinion the court said:

"In the present case, it is not shown that the accident was in consequence of a defect in any of the appliances or machinery used, or of the negligence of appellant's employees in their conduct of the train. It was the result of a rock becoming detached, and falling upon the train, while passing a point where the hill descends precipitously to the track. From it, at the place of the accident, to the top of the hill, is a distance of 456 feet. The cut for the railroad extends upward 33 feet, and above it is the natural hill. The rock which fell started at about 100 feet from the top of the hill, bounded down some 40 feet, struck, again bounded 20 or 30 feet; making four bounds before it struck the train, and caused the death of appellee's daughter. It is clear that the fall of the rock was in no way connected with the appliances or machinery used in the operation of the road, or the

acts of the employees in the conduct of the train, or in the construction of the road, and therefore there is no presumption of negligence on the part of appellants.''

In the case of *Thomas v. Pennsylvania & Reading R. R. Co.*, 148 Pa. 180, 23 Atl. 989, 15 L. R. A. 416, the plaintiff, while sitting in defendant's car, received a violent blow on his left arm causing a fracture of the bone. The blow was inflicted by a hard substance hurled from some place outside and beyond the car. No one knew what the object or substance was that had inflicted the injury, nor was anyone able to tell from whence it had come, or the cause which had driven it in the direction of the car. The trial court took the case from the jury and ordered a nonsuit. On appeal, the court, speaking through Paxson, Chief Justice, said:

''The rule appears to be that where a passenger is injured either by anything done or omitted by the carrier, its employees, or anything connected with the appliances of transportation, the burden of proof is upon the carrier to show that such injury was in no way the result of its negligence. But to throw this burden upon the carrier, it must first be shown that the injury complained of resulted from the breaking of machinery, collision, derailment of cars, or something improper or unsafe in the conduct of the business, or in the appliances of transportation. In *Pennsylvania R. Co. v. MacKinney, supra,* there was evidence from which a jury might infer that the injury was the result of some negligence on the part of one or more of the employees of the company, and which excluded, to some extent, the inference that it could have occurred at the hand of a stranger, or someone not connected with the company. . . . . There was nothing in the evidence to connect the accident with any defect in the cars or machinery, the movement of the train, or in any of the appliances of transportation. There was nothing, therefore, to submit to a jury. It would be as reasonable to hold that a bullet fired into the car from without, by means of which a passenger is killed, is evidence of negligence on the part of the company.''

The opinion in the foregoing case was approved and followed in *Ginn v. Pennsylvania R. R. Co.*, 220 Pa. 552, 69 Atl. 992. The latter was a case where a passenger, while sitting at a window in the company's car, was struck by a missile hurled from some unknown source. The court distinguished the Ginn case from the Thomas case, holding that in the later case the injured party has presented sufficient evidence to preclude the probability that the object which struck him came from beyond the company's track or right of way, and that the evidence rather raised the presumption that it must have come from some place on the company's track or right of way. (See, also, *Spencer v. Chicago M. & St. P. Ry.*, 105 Wis. 311, 81 N. W. 407; *Filbin's Admr. v. Chesapeake O. & S. W. R. Co.*, 91 Ky. 444, 16 S. W. 92.)

The judgment must be reversed, and it is so ordered, and a new trial is granted. Costs awarded in favor of appellant.

Sullivan, J., concurs.