Appeal from First District.

## LOGAN, HYDE PARK & SMITHFIELD CANAL CO. v. UTAH POWER & LIGHT CO.

No. 2657.   Decided January 29, 1915 (146 Pac. 560).

NEGLIGENCE—LIABILITY—USE OF PROPERTY.   Defendant, who built its wooden flume along the side of a steep mountain above the plaintiff's canal, and who had used the flume for twelve years, was not negligent in failing to foresee and guard against rocks above its flume, started by strangers, rolling down and breaking its flume, so as to cause water to flow down to, and wash debris, etc., into, the canal.[1]

Appeal from District Court, First District; *Hon. J. D. Call,* Judge.

Action by the Logan, Hyde Park & Smithfield Canal Company against the Utah Power & Light Company.

Judgment for plaintiff.   Defendant appeals.

REVERSED AND REMANDED with directions to grant a new trial on second cause of action.

*Pierce, Critchlow & Barrette, B. A. Cummings* and *J. C. Walters* for appellant.

*Maughan & Law* for respondent.

FRICK, J.

The plaintiff recovered judgment against the defendant for damages which it alleged it had sustained to its irrigating canal.   The defendant appeals.

The plaintiff in its complaint relied on two causes of action, and recovered on both.   It is only the second cause of action, however, that is in question here, and hence we shall confine our remarks to that.

The second cause of action is predicated upon certain alleged acts of omission on the part of the defendant, which,

---

[1] *Furkovich v. Bingham, etc., Co.,* 45 Utah 89; 143 Pac. 121, distinguished.

it is contended, constituted negligence, by reason of which it is claimed plaintiff's canal was damaged. The facts are that in 1884 the plaintiff constructed and has since maintained a canal through which it has conducted water which was used by its stockholders and patrons for irrigation and other purposes. The canal, at the point of the alleged injury, was constructed along the side or contour of a steep mountain. In the years 1900 and 1901 the predecessor in interest of the defendant also constructed a large wooden flume, about six feet deep by five feet wide, along the same mountain side, and about fifty feet above the place where the plaintiff's canal was constructed. The flume was constructed to conduct water to be, and which was, used to generate power and for other purposes. Above the canal and flume aforesaid, along the mountain side, which extended a considerable distance above said flume, there were many boulders of various sizes, some of which were very large. There were also many loose rocks of various sizes, some of which would from time to time become dislodged, and then would roll down the mountain side. On the 22nd of May, 1913, a rock of considerable size rolled down the mountain side, which in its course struck the wooden flume of the defendant and broke the planks of which it was constructed, so that a large portion of the water flowing therein was caused to flow down the steep incline and into and over plaintiff's canal. The water, in its course downward, washed debris into the canal and otherwise caused damage thereto. The rock started something over 500 feet above the wooden flume, and, as one of the witnesses testified, was about "two feet square." The incline at the point of injury was thirty-two and a half degrees, a little farther up the mountain side it was thirty-five degrees, and still farther up to the top of the mountain it was forty-two and a half degrees. These are the actual measurements as given by the plaintiff. The wooden flume was constructed by cutting what may be called a dugway into the side of the mountain, so that the bottom of the flume was laid horizontally, and thus the upper side was exposed about two-thirds of its height, while the lower side was all exposed.

The plaintiff's witnesses testified that from time to time, and more especially during the early spring, boulders and rocks of different sizes would become loosened and dislodged, and would then roll down the mountain side, some of which would lodge in the canal, and sometimes would cause the water therein to overflow the banks thereof.  There is no evidence, however, of any rocks ever rolling down before which injured the wooden flume, although the flume had been constructed and used, as we have seen, for at least twelve years before the accident in question occurred.  The plaintiff did not dispute the fact that the wooden flume was constructed as such flumes usually are in this state along the incline or contour of the mountains, and that it was sufficient for the purpose for which it was constructed.  It also was made to appear that the point where the rock struck the flume was some distance away from the defendant's office, and that it was just twenty-one minutes from the time the rock struck the flume until the water was shut off by the defendant.  The evidence on this point is conclusive that the water was shut off just as soon as it was possible for the defendant to do so after receiving notice of the accident to the flume.  There is absolutely no evidence that the defendant in any way caused the rock to be placed where it was, or that it did anything whatever which caused it to start and roll down the mountain side.

Upon substantially the foregoing evidence the defendant moved for nonsuit, which was denied.  The defendant then produced evidence showing that it in no way was connected with the loosening or rolling of the rock in question, and also produced evidence from which it was made to appear that some person or persons who were strangers to the defendant caused the rock to roll down the mountainside.  Defendant's evidence upon that point was not questioned.  The denial of the motion for a nonsuit is assigned as error, and it is also insisted that the verdict is not supported by any evidence of negligence on the part of the defendant.

It seems to us this contention is sound.  True, plaintiff's counsel contend that, in view that there were many large boulders and loose rocks along the steep incline on the moun-

tain side above the flume, it was the defendant's duty to guard against injury to its flume from any of the rocks that might become dislodged and roll down the mountain side. According to plaintiff's own evidence, however, such a danger or contingency was quite remote. The evidence is conclusive that the wooden flume was in operation for at least twelve years before the rock in question struck and injured it. Is it negligence not to foresee and guard against the consequences of an occurrence of the character in question here, which happens only once in twelve years, and may not occur again or is it any evidence of negligence? If such be the law, then the only method by which the defendant can make itself immune against suits for damages caused by rocks that may roll down the mountain side and which cause injury to its flume, and may thus result in causing the water flowing therein to cause damages, is to remove all the rocks that are along the mountain side above the flume, or build the flume into the mountain side and cover it over so that no rocks could possibly injure it. The latter is what plaintiff's counsel suggest defendant should have done. To require that seems quite unreasonable.

Counsel for plaintiff have, however, cited one case, namely *Howe* v. *West Seattle L. & I. Co.*, 21 Wash. 594; 59 Pac. 495, which they claim supports their contention. In that case the defendant placed a large log on the brink of a precipitous incline, and after it had lain there for some time a landslide occurred, which caused the log to roll down the mountain side, and in its course it struck and killed plaintiff's infant child. That case is not in point here, for the reason that the defendant in that case placed and left the log in an unsafe and dangerous place or position. That case falls within the principle laid down by us in the case of *Furkovich* v. *Bingham, Etc., Co.*, 45 Utah 89; 143 Pac. 121. In that case it was the defendant that set in motion the instrumentality which, in rolling down the mountain side, caused the injury to the plaintiff there, while in the *Howe* case, *supra*, the defendant left the instrumentality, the log, in such an unsafe place or position that it was forced down the mountain side by natural forces, which, under the evidence and circumstances there

shown, the Washington court held the defendant should have foreseen. No such conditions are involved in the case at bar.

The case of *Fleming* v. *Railway*, 158 Pa. 130; 27 Atl. 858; 22 L. R. A. 351; 38 Am. St. Rep. 835, is, however, squarely in point in favor of the defendant. In that case, the same as here, a rock, from some unknown cause, became dislodged and rolled down a steep cliff, and in its course struck a railroad train and killed a passenger while riding in a coach in said train. There, as here, the defendant was in no way connected with the instrumentality (the rock) which caused the injury, and the court held that therefore it could not be held liable, and reversed the judgment. That case, in the writer's judgment, was much stronger in favor of the plaintiff there than is the case at bar in favor of the plaintiff here. We cannot see how this judgment can be sustained upon any sound legal principle.

The judgment is reversed, and the cause is remanded to the district court of Cache County, with directions to grant a new trial on the second cause of action. Defendant to recover costs.

STRAUP, C. J., and McCARTY, J., concur.