## Christen, et al. v. Christen, et al.

(Decided June 20, 1919.)

### Appeal from Campbell Circuit Court.

1. Pleading—Rejecting Pleading.—It was not an abuse of discretion for the court to reject an amended pleading after the issues had

been formed, the proof taken and the case submitted for final judgment, especially where there was no showing why it was not sooner tendered.

2. Descent and Distribution—Wills.—A devisee can not claim under and against a will.

3. Wills—Acceptance of Devises—Estoppel.—Where the father claiming title to a piece of real estate under a duly executed will of his wife which devised same to him, but which he neglected to have probated, at all times thereafter claimed the title thereto, and by will devised same to his three daughters, and personal property which he owned to his sons, the acceptance by the sons of the devises to them and the assertion of the right thereto under the will estops them from denying the validity of the will as a whole.

4. Wills—Retention of Legacy by Infant.—Although one of the sons was an infant at the time his legacy was paid to him, he can not after becoming of legal age, retain the legacy and assert the right thereto under and by virtue of the will and in the same action deny the validity of the will as a whole.

F. J. HANLON and WM. McCAULEY for appellants.

WM. C. BUTEN and JOHN WM. HEÜVER for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

This action was filed August 18, 1917, by appellant, Victor Christen, against his five brothers and three sisters, seeking a sale for partition of a house and lot in Newport, of which he alleged their mother, Fredricka Christen, died the owner and in possession on December 31, 1900; that she died intestate, and that plaintiff and the defendants as her only heirs were the joint owners and in possession of the house and lot described in the petition, and that same could not be divided without materially impairing its value. The three daughters filed an answer and cross-petition against their brothers, denying that their mother died the owner of the property, or that either of their brothers owned any interest therein, or was in possession thereof; alleging that the property belonged to their father, and was in 1898 conveyed to the mother in trust simply, and upon agreement that she would reconvey same to him by deed or will, and that in compliance with her agreement shortly before her death she executed a will duly attested by two subscribing witnesses, by which she devised this property to her husband; that after her death the latter, although neglecting to have the will probated as now appears from the rec-

ords, at all times thereafter claimed to own same and was in the continuous, open, notorious, adverse possession thereof until his death on October 9, 1906; that he left a will which was duly probated, by the terms of which he devised said house and lot to the three daughters; that they immediately took possession of same and continuously since his death have been in the open, notorious, adverse possession of the house and lot claiming to own same; that they and their father under whom they claim, have been in the continuous adverse possession of the house and lot since the death of the mother in 1900, and for more than fifteen years next before the commencement of the action.

Thereafter by amendment to their answer and cross-petition, the three daughters alleged that their father claiming to own the house and lot, had devised same to the three daughters, and had devised to one of his sons $50.00 and to each of the other sons $100.00 in cash; that after the probate of his will, one of the daughters named therein as executrix, qualified as such and paid to each of the sons the amount devised to him by the father; that their acceptance of the devises made to them was an election to take under the will, and that they were therefore estopped to claim against the will an interest in the real estate devised to the daughters.

The sons by an amended reply traversed the plea of adverse possession, and not denying the payment to them by the executrix of their father's will of the sums devised thereby to them, simply denied that such payments were made in full satisfaction of their interests in all of the property devised by their father's will, or that their acceptance of the sums so paid to them was an election to take under the will, or that they were estopped by the acceptance of these sums from the executrix of their father's will, or by their recognition of appellees' title thereto until just before the filing of this action, from claiming an interest in the real estate which he attempted to devise to the daughters, but which he did not own.

Upon these issues proof was taken which without contradiction sustains every allegation of fact alleged by appellees in their amended answer and counterclaim, and upon submission the petition was dismissed and the daughters adjudged to be the owners of the house and lot in question. From that judgment the sons have appealed.

After submission the plaintiff, and defendants other than the three daughters, made a motion to set aside the order of submission and for leave to file an amended reply, which motion was overruled, to which ruling an exception was saved and the tendered reply made a part of the record. By this amended reply the sons attempted to avoid an election to take under their father's will by acceptance of the devises to them, by asserting a want of knowledge that their mother was the owner of the house and lot at her death or that they had been since then the owners of an interest therein as her heirs jointly with their sisters; that they believed their father owned same during his lifetime and at his death, and therefore submitted to his disposal of same by his will; that this belief was based upon information given them by their sisters, upon which they relied; and that they did not learn the facts or of their rights until just before the institution of this action.

1.   That the court erred in refusing permission to file this pleading is the first contention of appellants.

The trial court is given by section 134 of the Code a broad discretion in the matter of permitting amendments to the pleadings whenever the ends of justice require it, but as said in Moore v. Damron, 157 Ky. 799, 164 S. W. 103, this discretion should not be stretched to the extent of permitting the filing of an amendment which is not tendered until after the evidence is closed, instructions given, the case argued and the jury have retired for the purpose of arriving at a verdict; and this is, we think, although an equitable action, an analogous case, since the issues had been completed, the evidence taken and the case submitted to the chancellor for final decision before the amendment was offered. This court has held in several cases it was not an abuse of discretion to refuse to permit an amendment pleading as an avoidance the statute of limitations, after the cause was ready for trial. Yocum v. Foreman, 14 Bush 494; Donnelly v. Pepper, 91 Ky. 363, 15 S. W. 879. The new matter in this tendered pleading was offered as an avoidance of an issue long since tendered and traversed and the court did not err in refusing to reopen the case to permit its being filed, especially since there was no showing by affidavit or otherwise why it was not sooner tendered. Cincinnati R. Co. v. Crabtree, 100 S. W. 318; Ford v. Providence Coal Co., 124 Ky. 517, 99 S. W. 609.

2. The chancellor rested his judgment upon the ground that the acceptance of the devises made to appellants was an election by them to take under the will, and they were thereby estopped to deny appellees' title to such property as was devised to them by the same will.

Excluding the rejected amended reply, as we must, there is no doubt of the correctness of the chancellor's conclusion because of the well known and thoroughly established rule that a person can not claim both under and against the same instrument. Bispham's Prin. of Eq., sec. 95; Gore v. Stevens, 1 Dana 201; Brossene v. Schmitt, 91 Ky. 165, 16 S. W. 135; Huhlein v. Huhlein, 87 Ky. 253, 8 S. W. 260; Morrison v. Fletcher, 119 Ky. 488, 84 S. W. 558; South v. Motherhead, 173 Ky. 495, 191 S. W. 277.

Except in the rejected amended reply there are no facts pleaded in avoidance of the asserted election, and the acceptance of payment to them by the executrix of their devises under their father's will is admitted and no repudiation thereof attempted, but appellants are standing by and ratifying their acceptances, denying only the legal effect thereof, claiming that the will is valid insofar as it disposed of their father's personalty out of which they claim their devises were paid, but denying its validity as to the real estate devised to their sisters. This they of course can not do under the above authorities

3. A final contention is made that the judgment is erroneous at least as to Victor, because of his infancy at the time his devise of $100.00 was paid to him by the executrix, which fact however appears only from the evidence, and until something more than a year before the commencement of this action.

But whatever might have been his right to have repudiated the payment to him during infancy and to have avoided an election from such payment, had he sought to avail himself of such right by appropriate pleading, which he did not attempt, it is certain that he can not more than a year after attaining his majority, elect to take under the will as he is attempting in this action by asserting his right to retain his legacy under the will, and deny its validity as a whole.

These conclusions render unnecessary a consideration of the question of adverse possession.

Judgment affirmed.