CASE 82—ACTION BY JENNIE SHEARER AND HER HUSBAND AGAINST THE L. & N. R. R. Co., FOR DAMAGES FOR PERSONAL INJURIES TO HER.—Nov. 27, 1900.

(Omitted in former reports.)

# Louisville & Nashville R. R. Co. v. Shearer.

APPEAL FROM CLARK CIRCUIT COURT—T. J. SCOTT, CIRCUIT JUDGE.

JUDGMENT FOR PLAINTIFF.   DEFENDANT APPEALS.   AFFIRMED.

RAILROADS—PLEADING—NEGLIGENCE—APPROACHING OVERHEAD BRIDGE —FAILURE TO SIGNAL—QUESTION FOR JURY—SOUNDING WHISTLE UNDER BRIDGE—SEPARABLE ACTS OF NEGLIGENCE.

1. A petition alleging that defendant committed separate acts "and that by said carelessness and negligence and misconduct of defendant and its employees' plaintiff was injured," sufficiently alleges negligence.

2. Whether the failure to give notice of a train's approach to an overhead bridge was negligence, was a question for the jury, where plaintiff by reason of the omission was driving across

Louisville & N. R. R. Co. v. Shearer.

the bridge, at the time the train passed under it, causing her horse to become frightened.

3. The blowing of the whistle of a train while it was immediately under a bridge over which plaintiff was driving was negligence, unless there was some necessity for it at that point.

4. Where the petition alleged defendant's negligence to be the failure to give a signal of a train's approach to an overhead bridge and the negligent sounding of the whistle immediately under the bridge, the alleged acts of negligence were separable and plaintiff was entitled to recover upon proof of either.

BRECKENRIDGE & SHELBY, FOR APPELLANT.

### PROPOSITIONS AND AUTHORITIES.

1. Neither the failure to give notice of a train's approach to an overhead bridge, nor the sounding of a whistle under such bridge, is an act of negligence *per se*, but is only negligent if the circumstances under which the omission occurs or the act is done make either a violation of a duty, owing by the defendant to the plaintiff at the time. Farley v. Harris, etc., 40 Atlantic Rep., 798.

2. If the foregoing proposition be correct, then the defendant was entitled to a peremptory instruction, as there was no testimony adduced by plaintiff showing that the act of omission complained of was negligence, i. e., a violation of the duty owing by the defendant.

3. The court erred in the theory embodied in its instructions, that the petition charged two distinct grounds of negligence, proof of either one of which authorized a recovery

4. The verdict of the jury is so palpably against the evidence, that it ought to be set aside.

L. HATHAWAY, FOR APPELLEES.
   (No brief for appellees.)

OPINION OF THE COURT BY JUDGE DuRELLE—AFFIRMING.

Appellee recovered a judgment against appellant company for $250.00 damages for injuries caused by her horse becoming frightened by appellant's railroad train while she was driving over a bridge upon which a turnpike crosses appellant's track.

The first ground of reversal urged is that a demurrer

should have been sustained to the petition. The pleading alleges "that while plaintiff, Mrs. Jennie Shearer, was thus crossing one of defendant's trains passed under said bridge; that said train approached said crossing under said bridge without giving any signal or warning whatever of its approach until it was under said bridge and said vehicle, when the employes of defendant, in charge of said train, caused the whistle to be sounded as said train was under said bridge, and as it passed out from under said bridge; that by said carelessness, negligence and misconduct of defendant and its employes said horse, which was attached to said vehicle, was badly frightened," etc.

The point made is that the failure to give timely warning of the approach of the train and the sounding of the whistle when the train was under the bridge, which are the facts relied on as showing negligence are not averred to have been a negligent omission and a negligent act of appellant; that the reference in the succeeding part of the sentence, averring that "by said carelessness, negligence and misconduct of defendant" the injuries were caused, is not an averment of negligence, but merely an assumption that the act and omission previously charged constituted negligence, and that the act and omission charged do not, nor do either of them, constitute negligence per se. This is not artistic pleading. But we think the language used can not mean anything else than a charge that the act and omission complained of were negligence on the part of appellant, and caused the injury to appellee. Moreover, the answer denied that the horse of appellant "was frightened, became unmanageable, jumped or ran by reason of the alleged carelessness, negligence or misconduct of the defendant and its employes," thus joining issue upon this question, which was afterwards submitted to the jury by the instructions.

It is insisted that the mere failure to give notice of the train's approach to an overhead bridge, and the mere act of sounding the whistle under the bridge, did not constitute negligence per se; that, under all the circumstances of the case, considering the topography and actual conditions existing at the time, there was nothing from which the jury had the right to draw the inference of negligence, and, therefore, that the peremptory instruction asked for by appellant should have been given. It is shown that for a considerable distance before reaching the bridge over which appellee was traveling the turnpike ran almost parallel with the railroad track, and that the land over which the turnpike ran was considerably elevated above the level of the track, which, for upwards of a hundred yards before reaching the bridge, was in a cut so deep that only the tops of the cars were visible from the road; and there was evidence tending to show that giving a signal of the approach of the train would cause more danger of frightening horses upon the turnpike than would be caused by the mere noise of the train passing under the bridge without warning.

In Rupard v. C. & O. R. R. Co., 88 Ky., 280, 10 Law Rep., 1023, the railroad crossed the public highway upon a trestle, and this court in an opinion by Judge Bennett, appears to have taken the view that  . . . . "where the train crosses a public highway on a trestle, and in view, as above intimated, of the frequency of travel on horseback or by driving on the public highway, and the facility of seeing the train, as it approaches the crossing, in time to prevent injury by scaring the horse, the danger of catching the traveler unawares and frightening the horse that he is riding or driving may be reasonably apprehended, it is its duty to give some timely warning of its approach to the crossing. And the

question as to whether or not the failure to give such warning is negligence should be left to the jury."

In the case at bar there was evidence on behalf of appellant directed to the point that it was not negligence to omit giving a signal of approach to the crossing at this particular point. Upon the other hand the fact that, by reason of the omission, appellee was driving across the bridge at the time the train passed under it. Under the opinion referred to, and indeed as an original proposition, without reference to that opinion, we have reached the conclusion that the question whether the omission to give warning of the approach to the overhead crossing was negligence was a question for the jury. It was submitted to the jury in language most clear and apt, the instruction being, that "if the jury believe from the evidence that the giving of a signal or warning of the approach of the train to the bridge was reasonably necessary for the safety of persons who might be using the highway, then such failure, if any, constitute negligence."

The converse of the proposition was given in instruction No. 5, which reads: "The jury are instructed that the defendant was under no duty to give a signal or warning of its approach to the bridge unless the same was reasonably necessary for the safety of persons who might be using the highway, and that the omission of defendant on the occasion in question to give such signal or warning did not constitute negligence unless the jury believes from all the evidence in the case that such signal or warning was reasonably necessary for said purpose."

The appellee testified that the whistle was blown while the train was immediately under the bridge over which her vehicle was passing. The evidence of two other witnesses seems to support her statement upon this point, though the fact is not distinctly stated by them. This evidence, in the

absence of testimony showing some necessity for the whistle at that point, would make out a case of negligence. The trainmen testified in substance that the whistle was not sounded until the engine had passed the bridge some two hundred yards, and then in response to a caution signal, given with a green flag, which was the duty of the engineer to acknowledge, and give notice of to the trainmen by sounding the whistle as soon as he saw it. Upon the question of negligence in sounding the whistle the jury were instructed:

"3. If the jury believe from the evidence that the sounding of the whistle while the train was passing under the bridge was unnecessary and dangerous to travelers passing over the bridge, then such act, if done by the defendant, constitutes negligence, unless done under circumstances stated in the fourth instruction.

4. The jury are instructed that it was the paramount duty of those in charge of defendant's train to look out for the safety of said train and those upon it; and that if they believe from all the evidence that when the engineer did blow the whistle in question it was done in acknowledgement of a caution signal which he then saw in front, and that such acknowledgement was for the purpose of notifying the other trainmen to so regulate the movement of the train as to make it safe for the persons and property in their charge, then the blowing of said whistle was not negligence."

These instructions, we think, correctly and fully present the law applicable to this question under the circumstances of this case.

It is further urged that the court construed the petition as charging two distinct grounds of negligence, proof of either of which would warrant a recovery: First, negligent failure to give signal of the train's approach; and, second, negligent sounding of the whistle; but that the petition must

be construed as charging one negligent state of fact, and that the court should have required the jury, in order to authorize a recovery, to believe, not only that there was a negligent failure to signal the approach of the train to the bridge, but a negligent sounding of the whistle while passing under it. We are referred to no authority upon this proposition, and we can not recall a case in which, where a number of separable acts of negligence were charged in the petition, as in this case, the jury has been required to believe all of them in order to find a verdict of recovery. The uniform practice has been to instruct the jury upon each separable act of negligence charged in the petition upon which sufficient evidence has been introduced to justify a finding by the jury. We think such evidence is presented in this record, and, whether or not we agree with the verdict of the jury, it is certainly not palpably against the weight of the testimony.

The judgment is affirmed.