CASE 66.—ACTION BY ELIHU FORD AGAINST THE PROVI-
DENCE COAL COMPANY, TO RECOVER DAMAGES
FOR PERSONAL INJURIES.—February 5.

# Ford v. Providence Coal Co.

Appeal from Webster Circuit Court.

J. W. HENSON, Circuit Judge.

Judgment for defendant. Plaintiff appeals. Reversed.

1. Master and Servant—Action for Personal Injury—Filing
Amended Pleadings—Discretion of Trial Court.—While the
trial court has a large discretion in permitting amended plead-
ings to be filed, yet when during the progress of the trial it
is developed by the evidence that an act of negligence not
mentioned in the original pleading, caused or contributed to
the injury complained of, the court should permit an amend-
ment to be filed, on proper terms, especially when the amend-
ment does not radically change the cause of action but merely
adds an additional element to it.

2. Same.—The only limitation upon the filing of amendments, is
that they must be in furtherance of justice, and do not sub-
stantially change the claim or defense.

3. Use of Defective Machinery—Expert Testimony—Competency.
—In an action by a servant against the master for damages
caused by the alleged negligence of the master in furnishing
the servant with a defective machine used in mining coal,
it was competent for the plaintiff to introduce expert evidence
showing that a fender or cover should have been placed
so as to guard an exposed cutting chain by which he was
injured, so as to make the machine reasonably safe; and that
ordinarily these machines were supplied with such fender, and
that there were holes in the machine in question for the pur-
pose of attaching the fender.

4. Safe Machinery—Duty of Master.—The rule in this State, and
the one generally prevailing, is that while the master is not
required to furnish the servant with absolutely safe or fault-

Ford v. Providence Coal Co.

less machinery, or to provide the most modern appliances, he is required to furnish safe places and reasonably safe appliances for the use of the servant.

5. Exhibiting Injured Limb to Jury—Competency.—In the trial of personal injury cases it is competent for the plaintiff to exhibit the injured member to the jury, and this he may do upon the request of his counsel or of the adverse party, provided the exhibition does not violate any rule of propriety or decency.

JONSON & JENNINGS, attorneys for appellant.

POINTS DISCUSSED AND AUTHORITIES CITED.

1. Error in excluding testimony. (Elliott on Ev. secs. 672, 1030, 1031; Thompson on Neg. secs. 7747 and 7749; Hall v. Murdock, 114 Mich., 233; Fitts v. C. C. R. Co., 59 Wis., 323; Pullman Pal. Car Co. v. Harkins, 59 Fed. Rep., 932; Lou. Belt & Iron Co. v. Hart, 92 S. W., 951, 29 Ky. Law Rep., 310; McNamara v. Logan, 100 Ala., 187; Peterson v. Johnson, &c., Co., 70 Minn., 538; Cov. & C. Bridge Co. v. Goodnight, 60 S. W., 415, 22 Ky. Law Rep., 1242; Claxton's Adm'r v. Lex. & B. S. R. Co., 13 Bush, 641; L. & N. R. R. Co. v. Morton, 89 S. W., 243, 28 Ky. Law Rep., 355; Nadau v. White Riv. Lumber Co., 76 Wis., 120, 20 Am. St. Rep., 29; Berberich v. Lou. Bridge Co., 20 Ky. Law Rep., 467; Civil Code Ky., sec. 596; Champ v. Commonwealth, 2 Met., 17; Boner v. Commonwealth, 19 Ky. Law Rep., 409; Loving v. Commonwealth, 80 Ky., 507; Blackburn v. Commonwealth, 12 Bush, 181; Ashcraft v. Commonwealth, 24 Ky. Law Rep., 488; Nicholson v. Rust, 21 Ky. Law Rep., 645.)

Error in granting peremptory instruction. (Snydor, &c., v. Arnold, &c., 92 S. W., 289, 28 Ky. Lew Rep., 1250; City of Madisonville v. Pemberton's adm'r, 75 S. W., 229, 25 Ky. Law Rep., 347; Standard Oil Co. v. Eiler, 61 S. W., 8, 22 Ky. Law Rep., 1641; Thompson on Neg., sec. 425; Whites Personal Injuries in Mines, sec. 275; 2 Labatt Master & Servant, sec. 332a; Doyle v. Swift Iron Works, 5 Ky. Law Rep., 59; Merganthaler, &c., Basket Co. v. Taylor, 90 S. W., 968, 28 Ky. Law Rep., 923; Phister v. Peter, &c., 78 S. W., 458, 25 Ky. Law Rep., 1606; Ross-Paris Co. v. Brown, 90 S. W., 568, 28 Ky. Law Rep., 813; Stratton & Torstegge v. Mattingly, 89 S. W., 513, 28 Ky. Law Rep., 472; Ky. Freestone Co. v. McGee, 80 S. W., 113, 25 Ky. Law Rep., 2211; Merganthaler, &c, Basket Co. v. Lyon, 89 S. W., 522, 28 Ky. Law Rep., 471.)

3. The amended petition should have been filed. Kearney v. City of Covington, 1 Met., 339; I. C. R. R. Co. v. Jackson, 25 Ky. Law Rep., 2087.)

Ford v. Providence Coal Co.

BAKER & BAKER and RUBY LAFFOON for appellee.

### AUTHORITIES CITED.

1. The court did not err in refusing to allow appellant to file amended petition. (Humphrey v. Hughes, guardian, 79 Ky., 487; Brown v. Van Cleave, 86 Ky., 381; Section 134, Civil Code.)

2. The court did not err in giving a peremptory instruction upon the issues presented and facts proven or avowed. (Wlison, Adm'r v. Chess & Wymand Co., 25 Ky. Law Rep., 1655; Reiser v. Southern Planing Mill & L. Co., 24 Ky. Law Rep., 796; Mellott v. L. & N. R. R. Co., 19 Ky. Law Rep., 379; Reise v. Struck & Bro., 23 Ky. Law Rep., 1113; Caines' Adm'r v. O. V. Telephone Company, 20 Ky. Law Rep., 855.)

OPINION OF THE COURT BY JOHN D. CARROLL, COMMISSIONER—Reversing.

The appellant instituted this action to recover damages for injuries sustained while in the employ of appellee. His cause of action, as stated in the petition, was that in his capacity as hostler engaged in helping Fox, who was operating an electric machine in digging coal, and whilst exercising ordinary care for his own safety, and in a place where it was his duty to be in the performance of the labor required of him as hostler, the trousers of his right leg were caught in the chain or bits of the machine, and his leg mangled and broken to such an extent that it became necessary to have it amputated; that the machine provided by the defendant was unsafe, insufficiently equipped, and dangerous; and that its unsafe and dangerous condition was known to defendant, or could have been known to it, by the exercise of ordinary care, but was unknown to plaintiff. The answer was a traverse, and a plea of contributory neglect. At the conclusion of the evidence for the appellant the court sustained a motion for a peremptory instruction, and

in obedience to it the jury returned a verdict for appellee.

In view of the fact that there must be a retrial, we will not state or comment upon the evidence, except so far as may be necessary to present fairly the reasons why the court erred in taking the case from the jury. Appellant at the time of his injuries was about 24 years of age, and had been engaged in working about the mines for six months previous thereto, but his duties did not require him to work with the electric coal digger. Some six years prior to the injury he had worked with a similar machine as helper and operator for a few days, but had only been assisting as hostler with the machine that caused his injury one day before it occurred. The machine was in charge of an operator who was superior in authority to appellant. Appellant's duties in connection with the machine were to keep it clear of coal and slack, move it forward against the bed of coal as the machine cut into it, and adjust the jackscrews that held it in position. The machine was what is known as the 'Jeffrey Electrical Mining Machine,'' and in the language of a witness consisted substantially of a stationary frame and a cutting frame with superimposed electric motor, a gearing chain engaging in sprocket wheel carrying steel teeth or bits. The cutting frame carrying the chain and cutting bits travels to the coal as it is cut away. This cutting frame being three feet wide at the front end, and at each side of this cutter head is a sprocket wheel for carrying the chain with cutting bits. The cutting frame extends over the stationary frame five feet to the rear where the motor is rigidly fixed carrying another sprocket wheel, which imparts power to the cutting chain. The chain with its cutting bits goes under the stationary frame about 18 inches from the front jack-

screw, and from that point to the rear end of the
stationary frame the chain and bits do not extend
beyond the stationary frame so as to catch an object
attaching to the stationary frame.  The space from
about 18 inches behind the front jackscrew to the end
of the stationary frame and at the side of the cutting
frame where the chain runs is exposed.  In operating,
the cutting frame is withdrawn into the stationary
frame as far as possible; the machine is placed in
position and secured by tightening the front jack-
screw attached to it in the face of the coal to be cut,
and the rear jackscrew into the coal in the rear of the
frame behind the machine.  When the current is
turned on, the chain revolves, and the cutting frame
by the action of the worm is carried forward until the
bits revolving around the front end of the cutter head
engage with the coal to be cut.  The revolving of the
chain with its cutting bits cuts the coal.  When the
coal has been cut to the depth of about five feet, the
cutting frame is automatically reversed and with-
draws into the stationary frame.  The jackscrews are
then released and the machine moved into position
for another cut, and the operation repeated.  The
cutting bits are of steel, four inches long, one-half
of an inch thick, being three-fourths of an inch wide,
with the front end sharpened and bent slightly to the
left, and are set alternately on each side of the chain
with the set screws.  The day before the injury, and
when the machine was started, Garrett, a machinist,
told Fox, in the presence of the appellant, that the
machine was all right, and that he might get ready
and go to work.  Fox gave the appellant orders to
unscrew the jackscrews, and get ready to move the
machine forward before it stopped—the idea being to
save as much time as possible.  Appellant did not
receive any explanation or instruction concerning the

operation of the machine, except the direction given to him by Fox relative to loosening the jackscrews. During the examination of appellant it was disclosed that, in obedience to the directions of Fox, he had loosened the jackscrews before the machine was stopped, and, when it did so, it caused the machine to slip to one side, bringing his leg in contact with the unprotected chain on the side on which he was standing, and it may fairly be said that the slipping of the machine, due to the fact that the screws were unloosened, caused the exposed chain and knives to come in contact with his leg. After the motion for a peremptory instruction had been made, and pending its disposition by the court, appellant offered to file an amended petition, stating, in substance, that while engaged in performing his duty, Fox, with gross negligence, ordered him to release the front jackscrew on the mining machine while the same was in motion; that to comply with this order was dangerous to plaintiff, as was well known to Fox, or could have been known to him by the exercise of ordinary care, but was unknown to plaintiff, and was not obvious or apparent, and could not have been discovered by him by the exercise of reasonable care; that, relying on the order of Fox, he released the jackscrew, when the mining machine slipped around, and the chain and bits thereof caught plaintiff's right leg, injuring it in the manner heretofore stated. The objection of appellee to the filing of this amended pleading was sustained and this assignment of error we will first dispose of.

The trial court has a large discretion in respect to permitting amended pleadings to be filed, and ordinarily this discretion will not be interfered with by this court. Greer v. City of Covington, 83 Ky. 410, 7 Ky. Law Rep. 419, 2 S. W. 323; L. & N. R. R. Co.

v. Pointer's Admr., 113 Ky. 952, 69 S. W.
1108, 24 Ky. Law Rep. 772. But when, as
in this case, during the progress of the trial
it is developed by the evidence that an act of negli-
gence not mentioned in the original pleading caused
or contributed to the injury complained of, the court
should permit an amendment presenting it to be filed
on proper terms. Especially should this rule prevail
when the amendment does not radically change the
cause of action, but merely adds an additional element
to it. Under the averments of the original petition
the plaintiff would be confined to the negligence spe-
cifically set out, which was that the machine was in a
dangerous and unsafe condition, and would be denied
the right to submit to the jury the question of negli-
gence growing out of the slipping of the machine
caused by the order given to him by his superior. The
rule being that when the negligence is specified, the
plaintiff will be confined to it. Thomas v. L. & N. R. R.,
35 S. W. 910, 18 Ky. Law Rep. 164; Chun v. K. & I.
Bridge Co., 64 S. W. 649, 23 Ky. Law Rep. 1092. The
acts of negligence set out in the original and in the
amended pleadings were not inconsistent, and might
have been embraced in one pleading, as the pleader
has the right to state as many acts of negligence
growing out of the same transaction as the facts war-
rant, and if either of them is sustained by evidence,
a recovery may be had. L. & N. R. R. Co. v. Shearer,
59 S. W. 330, 22 Ky. Law Rep. 929. The only limita-
tion upon the filing of amendments is that they must
be in furtherance of justice and do not change sub-
stantially the claim or defense. Civil Code of Prac-
tice, section 134; I. C. R. R. Co. v. Jackson, 117 Ky.
900; 79 S. W. 1187, 25 Ky. Law Rep. 2087; Kearney
v. City of Covington, 1 Metc., 339. In this latter case,
an amended pleading was permitted to be filed after

the court had instructed the jury, but before the verdict had been rendered. We are of the opinion that, as the amendment offered did not substantially change the cause of action, and was in furtherance of justice, the court should have permitted it to be filed.

During the progress of the trial appellant offered to show by witnesses who qualified themselves as being competent to testify as experts that a fender or cover should have been placed along the space about 18 inches where the cutting chain was exposed that came in contact with appellant's leg to make the machine reasonably safe, and that ordinarily when these machines were shipped from the factory they were equipped with this fender, and that there were holes in the machine in question for the purpose of attaching the fender. This evidence was competent, as the question to be considered was whether or not the machine was defective or reasonably safe. The machine under investigation was a complicated and comparatively new invention, used exclusively in mining coal, and it is fair to assume that the jurors trying the case were not familiar with the mechanism, or, from their knowledge, competent to form an opinion as to what appliances ought to be attached to it to make it reasonably safe for use. The rule in regard to the admission of expert testimony is very well stated in American & English Encyclopædia of Law, volume 12, p. 422, where it is said: ''The general rule as to the admissibility of expert evidence is that persons having a technical or peculiar knowledge on certain subjects are allowed to give opinions when the question involved is such that the jurors are incompetent to draw their own conclusions from the evidence without the aid of such evidence.'' One of the cardinal rules governing the admission of expert evidence is that it must usually be of such a character

as not to fall within the range of common experience and observation, and therefore not to be intelligible to jurors without the aid of opinion.   The test of admissibility of expert testimony is not whether the subject-matter is common or uncommon, nor whether the witness can claim superior judgment or powers of reasoning, or better comprehends or appreciates the matter at issue, but whether the question upon which the evidence is offered is one of science or skill.   On page 424, an expert is defined as "one possessing, in regard to a particular subject or department of human activity, knowledge not acquired by ordinary persons," or, as defined by a scientific writer, "an expert is one who can see all sides of a subject.   This knowledge may be derived from experience, or from study and direct mental application."   Nor is it required that the expert testimony should be the most perfect obtainable, nor that the witness should at the time be actively engaged in the occupation concerning whose lore he has been called to testify, though long abandonment thereof may be sufficient ground for exclusion.   And it is said on page 440 that "an expert machinist may testify that a certain machine has not been handled properly and skillfully, and may express opinions in regard to the comparative safety of operating a bolting cloth with and without a carriage attachment."   Louisville Belting & Iron Co. v. Hart, 122 Ky. 731, 92 S. W. 951, 29 Ky. Law Rep. 310; Claxton's Admr. v. Lexington & Big Sandy R. R. Co., 13 Bush, 636.

It is also assigned as error that the trial judge refused to permit appellant to exhibit his injured leg to the jury.   As the leg had been amputated, this ruling was not prejudicial, but, in the trial of personal injury cases, it is competent for the plaintiff to exhibit the injured member to the jury, and this he

may do upon the request of his counsel or of the adverse party—provided that the exhibition does not violate any rule of propriety or decency. Whether it does so or not is, of course, a question that must be left largely in the discretion of the trial judge. No objection of this kind could be urged in this case, as the exhibition of a man's leg that has been amputated could not be considered at all improper. Evidence of this character is really the best evidence obtainable of the extent and character of the injury that the person seeking damages has sustained, and the jury have the right to be aided in making up their verdict by a personal view of the injured member. Newport News & Miss. V. R. R. Co. v. Carroll, 31 S. W. 132, 17 Ky. Law Rep. 374; Williams v. Nally, 45 S. W. 874, 20 Ky. Law Rep. 244.

The rule in this State, and the one generally prevailing is that, while the master is not required to furnish the servant with absolutely safe or faultless machinery, or provide the latest and most modern appliances, he is required to furnish reasonably safe places and reasonably safe appliances for the use of the servant. Mergenthaler-Horton Basket Co. v. Taylor, 90 S. W. 968, 28 Ky. Law Rep. 923; Reiser v. Southern Plan. M. & L. Co., 114 Ky. 1, 69 S. W. 1085, 24 Ky Law Rep. 796; Pfisterer v. Peter & Co., 117 Ky. 501, 78 S. W. 450, 25 Ky. Law Rep. 1605; Shearman & Redfield on Negligence, section 194; Thompson on Negligence, section 3767. Under this rule, as applied to the facts of this case, the question as to whether or not the master had provided reasonably safe appliances for the servant to work with and as to whether or not the injury was caused, in whole or in part, by the machine slipping, due to the orders of Fox to loosen the jackscrews, should have been submitted to the jury under proper instructions.

Wherefore, the judgment is reversed with directions for a new trial in conformity with this opinion. Petition for rehearing by appellee overruled.