## Knuckles v. Asher.

(Decided February 16, 1932.)

B. B. GOLDEN and W. T. DAVIS for appellant.

R. L. POPE, MARTIN T. KELLY and J. H. TAYLOR for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE DIETZMAN—
Affirming.

Appellant, while in the employ of the appellee, was injured by having his foot caught in a small belt operating a pulley, part of a sawmill run by the appellee. At the close of the appellant's evidence, the trial court peremptorily instructed the jury to find for the appellee,

and, from the judgment entered on that verdict, this appeal is prosecuted.

The parties came within the purview of the Workmen's Compensation Act (Ky. Stats., secs. 4880-4987), but neither of them elected to operate under that act, and hence the only question we have for determination is whether the proof of the appellant shows any negligence on the part of the appellee as alleged, since, because of appellee's failure to operate under the Compensation Act, the defenses of contributory negligence and assumed risk are not available to him. The facts are these: There was a large belt which conveyed the sawdust from the saw to a dump. This belt ran around a pulley and through a box to the dump. At times the edge of the belt would wear against the sides of the box because perhaps the belt was not properly aligned and because at times the belt would become overloaded with sawdust. When these things happened, the belt would cease to move because the power conveyed to it by the pulley around which it ran was not sufficient to overcome such resistance. In such a state of the case, the proper thing to do was either to give the belt a pull or with shovels to lighten the load of the sawdust. The pulley which moved this large belt was on one end of a shaft. On the other end of this shaft was another pulley which was operated by what is called in this record the small belt. The small belt was connected to the engine which ran the machinery. The small belt operated vertically, and as we gather it, the large belt horizontally. When the large belt, because of being overloaded or scraping the sides of the box in which it ran, ceased to move because the power which moved it was insufficient to overcome the resistance, the small belt which conveyed the power from the engine to the shaft which moved the pulley around which the large belt operated would either slip off the pulley on its end of the shaft or would slide around such pulley without turning it. In order to increase the friction of the small belt on the pulley which it operated, appellant had on several occasions pressed his foot against the side of the small belt and then, when the belt, because of the increased friction, caused its pulley to start revolving again, he would remove his foot. He says he had done this safely on several occasions with the knowledge and at least tacit consent of the appellee. His other witnesses testified that they never did any such trick as that because they thought it too dangerous. Appellant was hurt

by putting his foot on the belt to increase the friction as stated, and, when he did so, the belt jerked his foot up before he could withdraw it from the belt. He thus injured his knee very severely and it was for such injury so incurred that he brought this suit.

In his petition, he grounded his cause of action solely on the alleged failure of the appellee to furnish him reasonably safe machinery with which to work. But it will be observed that the alleged defect in the machinery complained of in the evidence, that is, the improper alignment or incapacity of the large belt to carry the load placed upon it, while furnishing the occasion of his injury, did not of itself cause it. His injury was brought about by the method he employed in starting the machinery which had stalled. It may be admitted that this was an improper method and a dangerous method, and that, under such circumstances, it was the duty of the master at least when it was brought to his attention that such an improper and dangerous method of work was being pursued to forbid the servant from thereafter pursuing it or at least to warn him of the probable consequences. But when all these admissions are made, we are yet confronted with the proposition that no such negligence, if it be such, is relied upon in the petition for a recovery. The appellant based his cause of action solely on the alleged failure to furnish him reasonably safe machinery with which to work. His proof showed that the cause of his accident was the pursuit of improper and dangerous methods of work.

In the case of Greer v. L. & N. R. R. Co., 94 Ky. 169, 21 S. W. 649, 14 Ky. Law Rep. 876, 42 Am. St. Rep. 345, it was held incompetent to show that the place where the servant was required to work was not reasonably safe where the only negligence relied upon in the petition was the negligent operation and management of the train which ran over and injured the servant. And so, by a parity of reasoning where the negligence relied upon is the failure to furnish a reasonably safe machine with which to work, it is not competent to show that the accident was caused by its negligent operation and management. In the case of W. A. Gaines & Co. v. Johnson, 133 Ky. 507, 105 S. W. 381, 384, 32 Ky. Law Rep. 58, it was held that, where the negligence relied upon was the failure to furnish a reasonably safe place where to work or reasonably safe machinery with which to work, a recov-

ery could not be had for failure to warn or instruct the servant. We said:

"It will be observed that the petition, although charging in general terms that appellee's injuries were caused by the gross negligence of appellant, points out that this gross negligence consisted in the failure to provide the appellee a reasonably safe place to work, or reasonably safe machinery and appliances with which to carry on the work in which he was engaged at the time of the injury, and avers that the place and appliance furnished were unsafe and dangerous. It is well settled that, when the pleader specified in what the negligence consisted, he is bound by his specifications, and cannot introduce evidence supporting other elements of negligence outside of those particularly relied on. Thomas v. L. & N. R. Co., 35 S. W. 910, 18 Ky. Law Rep. 164; Chun v. K. & I. Bridge Co., 64 S. W. 649, 23 Ky. Law Rep. 1092. Although he may charge that the injury complained of was due to several causes of negligence, and if the evidence sustains any one of them may recover, although there may be a failure of proof as to the others. L. & N. R. Co. v. Shearer [119 Ky. 648], 59 S. W. 330, 22 Ky. Law Rep. 929; Ford v. Providence Coal Co. [124 Ky. 517], 99 S. W. 609, 30 Ky. Law Rep. 698.

"The duty of warning and instruction is entirely distinct from and independent of the duty of furnishing reasonably safe premises and appliances, as much so as the duty of furnishing reasonably safe premises is distinct from reasonably safe appliances. In other words, under an averment that the premises were unsafe, a recovery could not be had upon a showing that the appliances were unsafe, any more than a recovery could be had for the failure to warn and instruct upon evidence showing that the injury was caused by defective premises. The petition in this case did not give to the defendant, now appellant, any notice that evidence would be introduced or a recovery sought upon the ground that it had failed to warn or instruct appellee. From the most casual examination of the petition it at once appears that in the pleading the plaintiff rested his case upon the failure to furnish reasonably safe premises and appliances. It furnished no notice that a recovery

would be attempted because of the failure to warn or instruct. Appellee was asked, 'Did anybody connected with the distilling company employing you explain to you the danger of oiling this machinery near that sprocket wheel before you oiled it?' Over objection of counsel for appellant he was permitted to answer. 'No, sir; there was none that ever warned me that there was any danger there at all.' In the condition of the pleadings, this evidence was not competent. It is not permissible to introduce evidence supporting a cause of action or defense that is not relied on in the pleadings. Kearney v. City of Covington, 1 Metc. 339. The parties have the right to look to and be governed by the pleadings in preparing their case, and are not required to anticipate that during the trial issues distinct from those relied on will be asserted. Nor should instruction No. 3 have been given. The instructions should conform to and follow the pleadings. An instruction is not authorized upon an issue not made or presented in the pleadings. The principle herein announced is fully supported by the analogous doctrine laid down in L. & N. R. Co. v. Dickey, 104 S. W. 329, 31 Ky. Law Rep. 894; Maysville & Big Sandy R. Co. v. Willis (decided Oct. 31, 1907), 104 S. W. 1016 [31 Ky. Law Rep. 1249]; C., N. O. & T. P. Ry. Co. v. Crabtree, 100 S. W. 318, 30 Ky. Law Rep. 1000.''

It is not possible to distinguish the instant case from the Gaines case on principle. In both cases, the negligence relied upon was the failure to furnish a reasonably safe machine with which to work. Under such reliance, it was held in the Gaines case that there could be no recovery for failure to warn or instruct the servant. Equally should there be no recovery for failure to require the servant to pursue a proper method of work or to warn him against the danger of the method he was pursuing.

It follows then that the trial court did not err in giving the peremptory instruction it did, and its judgment is affirmed.