Ronald WHEELER et al., Appellants,

v.

Richard HELTERBRAND et al., Appellees.

Court of Appeals of Kentucky.

June 22, 1962.

Thomas M. Edwards, Jr., Clay & Edwards, Mt. Sterling, for appellants.

Thomas R. Burns, James E. Clay, Morehead, for appellees.

WILLIAMS, Judge.

The appellees, Richard Helterbrand and Jimmy Allen Stacey, were injured when an automobile which Stacey was driving with Helterbrand as passenger collided with a road grader owned by appellants. In appellees' suit for damages a jury returned a verdict of $15,000 for Helterbrand and a verdict of $800 for Stacey. This appeal is from the judgment rendered on those verdicts.

The accident occurred about dusk on October 8, 1958. The appellants were using a road grader to repair the highway. At the time of the accident the grader was sitting on its left-hand side of the road facing the direction from which the Stacey car came. About 115 feet ahead of the road grader the appellants had positioned a truck on the right-hand side of the road with headlights and directional signals blinking. The truck was the only warning of the presence of the grader. Stacey drove the automobile around a slight curve to his left, at a speed of approximately 40 to 45 miles per hour, passed by the truck and ran head on into the road grader. Both Helterbrand and Stacey were injured. The automobile was virtually demolished and the grader was damaged.

It is argued that the verdicts are excessive; that the court erred by permitting the jury to view a scar which resulted from the injury Helterbrand received; and that the court erred in refusing to give certain offered instructions.

■ The appellants allege that the Helterbrand verdict of $15,000 was so grossly excessive as to show that it was the result of prejudice or bias in the minds of the jurors. In addition to other injuries, Helterbrand suffered a dislocation of the right hip, with a fracture of the socket which necessitated an operation and resulted in the development of some atrophy. He proved special damages in the amount of $4,518.82. Recognizing that he experienced much pain and suffering, and suffered some loss of earning power, we are of the opinion that the verdict was not excessive. See Armour v. Haskins, Ky., 275 S.W.2d 580.

■ It is also alleged that the damages awarded to Stacey in the sum of $800 were grossly excessive. Stacey was not as seriously injured as was Helterbrand; nevertheless, he did receive treatment from a doctor and lost six weeks' work. He proved special damages in the amount of $555, which left a reasonable sum to compensate him for the pain and suffering which he endured.

■ At the conclusion of all the testimony the trial court permitted the jury to view the scar which resulted from the operation performed on Helterbrand's hip. Appellants recognize that it is within the discretion of the trial court to permit the exhibition of an injured part of the body. Ford v. Providence Coal Company, 124 Ky. 517, 99 S.W. 609. However, they feel that the court abused its discretion in this instance. The action of the trial court aided the jury in determining from a view of the scar the extent and character of the injury sustained. It was stated in Ford v. Providence Coal Company, supra:

"Evidence of this character is really the best evidence obtainable of the extent and character of the injury that the person seeking damages has sustained, and the jury had the right to be aided in making up their verdict by a personal view of the injured member."

We are of the opinion that the court did not abuse its discretion in permitting the jury to view the scar.

■ Finally, error is alleged by the refusal of the trial court to give certain

instructions offered by appellants. First, a "last clear chance" instruction was offered which they insist should have been given as related to their counterclaim against Stacey. They state that the presence of the truck 115 feet in front of the grader was ample warning, and that at a 40-mile per hour speed Stacey should have almost stopped or at least slowed down enough to have avoided the accident. The fallacy of that argument is that a "last clear chance" instruction will not ordinarily be given where a person merely should have discovered the peril (with certain exceptions not present here), but is restricted to those situations where he must have discovered the peril. Saddler v. Parham, Ky., 249 S.W.2d 945. Here the appellants did not have a flagman, flares, or other warning signs indicating that the road was not clear except the presence of the truck about 115 feet ahead of the grader. Under the circumstances we do not feel that Stacey must have discovered that the road was not clear in time to avoid the accident. Consequently, the trial court properly refused to give a "last clear chance" instruction.

■ The second offered instruction which was refused by the trial court was merely the statutory definition of "nighttime" and "daytime." The jury was well advised by the witnesses of the time of day, and, although the giving of the instruction would have been entirely proper, we do not feel that the failure to do so was prejudicial to appellants.

■ The last instruction offered by appellants but refused by the trial court concerned contributory negligence as applied to Stacey's cross-claim against appellants. Appellants state that the purpose of the offered instruction was to inform the jury that Stacey had a duty to slow down if he was blinded by the headlights of the truck as he drove toward the collision scene. We have reviewed the instructions given by the court and find that as a matter of fact Instruction No. 2 did contain the

exact language which appellants sought to have included in this offered instruction. The instructions which were given by the court exhaustively covered the rights and duties of all of the parties.

We find no prejudicial error to have been committed.

The judgment is affirmed.